# UNITED STATES DISTRICT COURT

### EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHAEL KLEIN, | Case No. 1:13-cv-01677-SKO (PC) |
| Plaintiff, | FIRST SCREENING ORDER DISMISSING COMPLAINT, WITH LEAVE TO AMEND, FOR FAILURE TO STATE A CLAIM UNDER SECTION 1983 |
| v. | |
| B. MONTOYA, | (Doc. 1) |
| Defendant. | THIRTY-DAY DEADLINE |
| _____/ | |

### First Screening Order

**I.      Screening Requirement and Standard**

Plaintiff Michael Klein, a state prisoner proceeding pro se and in forma pauperis, filed this civil rights action pursuant to 42 U.S.C. § 1983 on October 17, 2013.

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or an officer or employee of a governmental entity.  28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915A(b)(1), (2).  "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that . . . the action or appeal . . . fails to state a claim upon which relief may be granted."  28 U.S.C. § 1915(e)(2)(B)(ii).

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief. . . ." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice," *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S.Ct. 1937 (2009) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555, 127 S.Ct. 1955 (2007)), and courts "are not required to indulge unwarranted inferences," *Doe I v. Wal-Mart Stores, Inc.*, 572 F.3d 677, 681 (9th Cir. 2009) (internal quotation marks and citation omitted). While factual allegations are accepted as true, legal conclusions are not. *Iqbal*, 556 U.S. at 678.

Under section 1983, Plaintiff must demonstrate that each defendant personally participated in the deprivation of his rights. *Jones v. Williams*, 297 F.3d 930, 934 (9th Cir. 2002). This requires the presentation of factual allegations sufficient to state a plausible claim for relief. *Iqbal*, 556 U.S. at 678-79; *Moss v. U.S. Secret Service*, 572 F.3d 962, 969 (9th Cir. 2009). Prisoners proceeding pro se in civil rights actions are entitled to have their pleadings liberally construed and to have any doubt resolved in their favor, *Hebbe v. Pliler*, 627 F.3d 338, 342 (9th Cir. 2010) (citations omitted), but nevertheless, the mere possibility of misconduct falls short of meeting the plausibility standard, *Iqbal*, 556 U.S. at 678; *Moss*, 572 F.3d at 969.

## II.   Discussion

### A.   Plaintiff's Allegations

Plaintiff, who is incarcerated at Avenal State Prison in Avenal, California, brings this action against Defendant B. Montoya, a female correctional officer, for allegedly sexually abusing him on April 25, 2013, in violation of his rights under the Eighth Amendment of the United States Constitution.

Plaintiff alleges that he was summoned to the telephone to speak with Defendant Montoya, who wanted to know why Plaintiff had not reported to work in the main kitchen. Plaintiff said he was sick and would get a lay-in from the doctor. Defendant Montoya asked Plaintiff if he was sick in the head, and he hung up the phone and returned to his bed area, unwilling to tolerate Defendant's verbal abuse.

1  Approximately three or four minutes later, Defendant Montoya arrived at the housing unit

2  from the kitchen and yelled, "Klein, get your punk ass down here." (Comp., p. 3.)  Defendant

3  Montoya took Plaintiff outside, had him face the wall in a prone position, and groped his penis and

4  testicles while telling him he was a "piece of shit." (*Id.*)

5  **B.  Eighth Amendment Claim**

6  The Eighth Amendment protects prisoners from inhumane methods of punishment and

7  from inhumane conditions of confinement. *Morgan v. Morgensen*, 465 F.3d 1041, 1045 (9th Cir.

8  2006).  Extreme deprivations are required to make out a conditions of confinement claim, and only

9  those deprivations denying the minimal civilized measure of life's necessities are sufficiently

10  grave to form the basis of an Eighth Amendment violation. *Hudson v. McMillian*, 503 U.S. 1, 9,

11  112 S.Ct. 995 (1992) (citations and quotations omitted).  In order to state a claim for violation of

12  the Eighth Amendment, Plaintiff must allege facts sufficient to support a claim that prison officials

13  knew of and disregarded a substantial risk of serious harm to him. *E.g.*, *Farmer v. Brennan*, 511

14  U.S. 825, 847, 114 S.Ct. 1970 (1994); *Thomas v. Ponder*, 611 F.3d 1144, 1150-51 (9th Cir. 2010);

15  *Foster v. Runnels*, 554 F.3d 807, 812-14 (9th Cir. 2009); *Frost v. Agnos*, 152 F.3d 1124, 1128 (9th

16  Cir. 1998).

17  While the sexual abuse of prisoners violates the Eighth Amendment, *Wood v. Beauclair*,

18  692 F.3d 1041, (9th Cir. 2012); *Watison v. Carter*, 668 F.3d 1108, 1112-13 (9th Cir. 2012),

19  Plaintiff's allegations do not support a finding that the incident at issue rose to the level of sexual

20  abuse, *Watison*, 668 F.3d 1113-14.  Therefore, Plaintiff fails to state a claim against Defendant

21  Montoya for violation of the Eighth Amendment.

22  **III.  Conclusion and Order**

23  Plaintiff's complaint fails to state a claim upon which relief may be granted under section

24  1983.  In an abundance of caution, the Court will provide Plaintiff with one opportunity to file an

25  amended complaint. *Akhtar v. Mesa*, 698 F.3d 1202, 1212-13 (9th Cir. 2012); *Lopez v. Smith*, 203

26  F.3d 1122, 1130 (9th Cir. 2000).

27  Plaintiff's amended complaint should be brief, but it must state the named defendant did

28  that led to the deprivation of Plaintiff's federal rights. Fed. R. Civ. P. 8(a); *Iqbal*, 556 U.S. at 678;

*Moss*, 572 F.3d at 969. Although accepted as true, the "[f]actual allegations must be [sufficient] to raise a right to relief above the speculative level. . . ." *Twombly*, 550 U.S. at 555 (citations omitted).

Finally, an amended complaint supercedes the original complaint, *Lacey v. Maricopa County*, 693 F.3d 896, 907 n.1 (9th Cir. 2012) (en banc), and it must be "complete in itself without reference to the prior or superceded pleading," Local Rule 220.

Accordingly, it is HEREBY ORDERED that:

1.      Plaintiff's complaint is dismissed, with leave to amend, for failure to state a claim under section 1983;

2.      The Clerk's Office shall send Plaintiff a civil rights complaint form;

3.      Within **thirty (30) days** from the date of service of this order, Plaintiff shall file an amended complaint; and

4.      If Plaintiff fails to file an amended complaint in compliance with this order, this action will be dismissed, with prejudice, for failure to state a claim.

IT IS SO ORDERED.

Dated:   **May 20, 2014**                        **/s/ Sheila K. Oberto**
                                         UNITED STATES MAGISTRATE JUDGE