# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHAEL KLEIN,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>B. MONTOYA, et al.,<br><br>　　　　Defendants.<br>_____/ | Case No. 1:13-cv-01677-LJO-SKO (PC)<br><br>FINDINGS AND RECOMMENDATIONS RECOMMENDING MOTION FOR SUMMARY JUDGMENT FOR FAILURE TO EXHAUST BE DENIED, AND MOTIONS FOR EXTENSION OF TIME AND TO STRIKE BE DENIED AS MOOT<br><br>(Docs. 24, 27, and 35)<br><br>OBJECTION DEADLINE: FIFTEEN DAYS<br>RESPONSE DEADLINE: TEN DAYS |

**I.      Procedural Background**

Plaintiff Michael Klein, a former state prisoner proceeding pro se and in forma pauperis, filed this civil rights action pursuant to 42 U.S.C. § 1983 on October 17, 2013. This action for damages is proceeding against Defendants Montoya and Galvez for violating Plaintiff's rights under the Eighth Amendment of the United States Constitution with respect to a clothed body search involving sexual abuse.

On May 19, 2015, Defendants filed a motion for summary judgment based on Plaintiff's failure to exhaust the available administrative remedies in compliance with 42 U.S.C. § 1997e(a). Fed. R. Civ. P. 56(a); *Albino v. Baca*, 747 F.3d 1162, 1166 (9th Cir. 2014) (en banc), *cert. denied*, 135 S.Ct. 403 (2014). (Doc. 24.) Plaintiff filed an opposition on June 24, 2015, and Defendants

filed a reply on June 29, 2015.[1] (Docs. 25, 26.) Plaintiff then filed a motion seeking leave to file a proper opposition given his release from custody on July 9, 2015, and another opposition to Defendants' motion on July 15, 2015. (Docs. 27, 31-34.) Defendants filed a motion to strike on July 28, 2015, Plaintiff filed an opposition on September 11, 2015, and Defendants filed a reply on September 18, 2015. (Docs. 35, 39, 40.) The motions were submitted on the record without oral argument pursuant to Local Rule 230(*l*).

**II.     Discussion**

   **A.     Legal Standard**

Pursuant to the Prison Litigation Reform Act of 1995, "[n]o action shall be brought with respect to prison conditions under [42 U.S.C. § 1983], or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). This statutory exhaustion requirement applies to all inmate suits about prison life, *Porter v. Nussle*, 534 U.S. 516, 532, 122 S.Ct. 983 (2002) (quotation marks omitted), regardless of the relief sought by the prisoner or the relief offered by the process, *Booth v. Churner*, 532 U.S. 731, 741, 121 S.Ct. 1819 (2001), and unexhausted claims may not be brought to court, *Jones v. Bock*, 549 U.S. 199, 211, 127 S.Ct. 910 (2007) (citing *Porter*, 534 U.S. at 524). The failure to exhaust is an affirmative defense, and the defendants bear the burden of raising and proving the absence of exhaustion. *Jones*, 549 U.S. at 216; *Albino*, 747 F.3d at 1166.

"In the rare event that a failure to exhaust is clear from the face of the complaint, a defendant may move for dismissal under Rule 12(b)(6)." *Albino*, 747 F.3d at 1166. Otherwise, the defendants must produce evidence to "prove that there was an available administrative remedy, and that the prisoner did not exhaust that available remedy." *Id.* at 1172. If the defendants carry their burden, the burden of production shifts to the plaintiff "to come forward with evidence showing that there is something in his particular case that made the existing and generally

---

[1] Plaintiff was provided with contemporaneous notice of the requirements for opposing a summary judgment motion for failure to exhaust administrative remedies. *Stratton v. Buck*, 697 F.3d 1004, 1008 (9th Cir. 2012); *Woods v. Carey*, 684 F.3d 934, 939-41 (9th Cir. 2012); *Rand v. Rowland*, 154 F.3d 952, 960-61 (9th Cir. 1998) (en banc). (Doc. 24-1.)

available administrative remedies effectively unavailable to him." *Id.* This requires the plaintiff to "show more than the mere existence of a scintilla of evidence." *In re Oracle Corp. Sec. Litig.*, 627 F.3d 376, 387 (9th Cir. 2010) (citing *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 252, 106 S.Ct. 2505 (1986)). "If the undisputed evidence viewed in the light most favorable to the prisoner shows a failure to exhaust, a defendant is entitled to summary judgment under Rule 56." *Albino*, 747 F.3d at 1166. However, "[i]f material facts are disputed, summary judgment should be denied, and the district judge rather than a jury should determine the facts." *Id.*

### B. Summary of Facts

On April 25, 2013, Defendant Montoya allegedly conducted a body search of Plaintiff at Avenal State Prison during which she grabbed and squeezed his penis and testicles, causing him pain, and Defendant Galvez stood by and watched without intervening. (Doc. 7, Amend. Comp.) Plaintiff submitted an inmate appeal on May 12, 2013, stating that Montoya rubbed his penis and testicles and that he felt like he was being groped and sexually abused by her. (Doc. 24, Motion, Donaldson Decl., Ex. B.) Plaintiff identified Galvez as a witness to the groping. (*Id.*) Plaintiff's appeal was denied at the third and final level of review on August 28, 2013, and he filed suit approximately two months later. (*Id.*, Voong Decl., Ex. B.)

The narrow issue in this case is whether Plaintiff's appeal sufficed to exhaust his claim in this action. Defendants argue that because Plaintiff alleges Montoya squeezed his penis and testicles, causing him pain, but failed to set forth those allegations in his inmate appeal, he did not "fully and properly" exhaust the available administrative remedies. (*Id.*, 6:1-2 & 8:3-24.) For the reasons that follow, the Court rejects this argument and finds that Plaintiff exhausted his claim.

### C. Exhaustion of Available Administrative Remedy Process

The exhaustion requirement was enacted "to reduce the quantity and improve the quality of prisoner suits; to this purpose, Congress afforded corrections officials time and opportunity to address complaints internally before allowing the initiation of a federal case." *Porter*, 534 U.S. at 524-25; *Cano v. Taylor*, 739 F.3d 1214, 1219 (9th Cir. 2014); *McKinney v. Carey*, 311 F.3d 1198, 1200-1201 (9th Cir. 2002) (per curiam). Thus, "[t]he primary purpose of a grievance is to alert the prison to a problem and facilitate its resolution, not to lay groundwork for litigation." *Griffin v.*

*Arpaio*, 557 F.3d 1117, 1120 (9th Cir. 2009); *see also Jones*, 549 U.S. at 219 (promotion of early notice to those who might later be sued not thought to be one of the leading purposes of exhaustion requirement) (citing *Johnson v. Johnson*, 385 F.3d 503, 522 (5th Cir. 2004)). Because exhaustion requirements are designed to deal with parties who do not want to exhaust and who would prefer not to give the agency a fair and full opportunity to adjudicate their claims, proper procedural and substantive exhaustion of administrative remedies, which demands compliance with an agency's deadlines and other critical procedural rules, is required. *Woodford v. Ngo*, 548 U.S. 81, 90, 126 S.Ct. 2378 (2006) (quotation marks omitted); *Wilkerson v. Wheeler*, 772 F.3d 834, 839 (9th Cir. 2014). Prisoners must "use all the steps the prison holds out, enabling the prison to reach the merits of the issue." *Griffin*, 557 F.3d at 1119 (citing *Woodford*, 548 U.S. at 90).

The California Department of Corrections and Rehabilitation ("CDCR") has an administrative remedy process for inmate grievances, Cal. Code Regs., tit. 15, § 3084.1, and state prisoners are required to this process prior to filing suit in federal court, *Woodford*, 548 U.S. at 85-86; *Sapp v. Kimbrell*, 623 F.3d 813, 818 (9th Cir. 2010). The process is initiated by submitting a CDCR Form 602 "Inmate/Parolee Appeal" within thirty calendar days (1) of the event or decision being appealed, (2) upon first having knowledge of the action or decision being appealed, or (3) upon receiving an unsatisfactory departmental response to an appeal filed. Tit. 15, §§ 3084.2(a), 3084.8(b)(1) (quotation marks omitted). The appeal must "describe the specific issue under appeal and the relief requested," and the inmate "shall list all staff member(s) involved and shall describe their involvement in the issue." Tit. 15, § 3084.2(a). Furthermore, the inmate "shall state all facts known and available to him/her regarding the issue being appealed at the time of submitting the Inmate/Parolee Appeal Form, and if needed, the Inmate Parolee/Appeal Form Attachment." Tit. 15, § 3084.2(a)(4).

In this case, Plaintiff's inmate appeal placed prison officials on notice that Defendant Montoya touched his genitals in a manner he found inappropriate and that Defendant Galvez saw it occur. Given that Plaintiff named the staff members now being sued and he set forth specific facts that mirror those now at issue in this lawsuit, his appeal was sufficient. It is not material that

Plaintiff used the words rubbed and groped in his appeal but alleges he was painfully squeezed in his amended complaint. Plaintiff's description of the contact and his assertion that he felt sexually abused in his appeal were adequate to identify the issue now subject to litigation in this case and to place prison officials on notice as to allegedly inappropriate sexual contact during a cross-gender search.

### III.  Conclusion and Recommendation

The Court finds that Plaintiff's appeal was sufficient to exhaust his Eighth Amendment claim against Defendants Montoya and Galvez. Because Defendants did not meet their initial burden of demonstrating Plaintiff's failure to exhaust, the Court does not reach Plaintiff's arguments in opposition, and it recommends that Plaintiff's motion for an extension of time to file a surreply and Defendants' motion to strike Plaintiff's surreply be denied as moot. *Williams v. Paramo*, 775 F.3d 1182, 1191 (9th Cir. 2015) (citing *Albino*, 747 F.3d at 1172).

Accordingly, the Court HEREBY RECOMMENDS that:

1. Defendants' motion for summary judgment, filed on May 19, 2015, be DENIED;
2. Plaintiff's motion for an extension of time, filed on July 9, 2015, be DENIED as moot; and
3. Defendants' motion to strike Plaintiff's surreply, filed on July 28, 2015, be DENIED as moot.

These Findings and Recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l). Within **fifteen (15) days** after being served with these Findings and Recommendations, the parties may file written objections with the Court. Local Rule 304(b). The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Responses, if any, are due within **ten (10) days** from the date the objections are filed. Local Rule 304(d). The parties are advised that failure to file objections within the specified time may result in the waiver of rights on

///

///

///

1 | appeal. *Wilkerson*, 772 F.3d at 838-39 (citing *Baxter v. Sullivan*, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated:   **October 27, 2015**                              **/s/ Sheila K. Oberto**
                                                          UNITED STATES MAGISTRATE JUDGE