IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHAEL KLEIN, ) <br> ) <br> Plaintiff, ) <br> ) <br> vs. ) <br> ) <br> B. MONTOYA, ET AL. ) <br> ) <br> Defendants. ) <br> _____ ) | 1:13-cv-01677-LJO-BMK <br><br> ORDER DENYING PLAINTIFF'S MOTION FOR SUBPOENA DUCES TECUM (DOC. 42) |

ORDER DENYING PLAINTIFF'S MOTION
FOR SUBPOENA DUCES TECUM (DOC. 42)

Before the Court is Plaintiff Michael Klein's Motion for Subpoena Duces Tecum (Doc. 42). After careful consideration of the Motion and the supporting and opposing memoranda, the Court DENIES this Motion.

On April 26, 2015, Plaintiff sent to Defendants a Request for Production of Documents. (Exhibit 2 at 4-5, attached to Motion.) Plaintiff states that he never received a response to his production request and now asks the Court to issue a subpoena duces tecum for the documents. (See Motion at 2 (stating "no response has been provided" as of the date of the Motion); Exhibit 1 attached to Motion (stating that no response had been provided as of June 11, 2015).) According to Defendants, however, they did respond to Plaintiff's document request on June 4, 2016: "Defendants have already provided all non-privileged documents

responsive to Plaintiff's requests, and Defendants served a privilege log with their responses identifying the relevant privileged documents Plaintiff requested." (Opp. at 2.) Plaintiff even attached Defendant's response to the present Motion. (See Exhibit 4 attached to Motion.)

"Subpoenas are not the proper method by which to seek information from an opposing party." Slama v. City of Madera, No. 1:08-cv-00810 AWI-SKO, 2011 WL 6100511, at *2 (E.D. Cal. Dec. 7, 2011). Instead, "a subpoena duces tecum is an instrument to order non-parties to provide discovery documents." Haney v. Adams, No. 1:07-cv-01104 OWW-GBC (PC), 2011 WL 3678142, at *1 (E.D. Cal. Aug. 22, 2011). Where one party seeks to discover documents from another party, a request for discovery must be made pursuant to Rule 34 of the Federal Rules of Civil Procedure. Fed. R. Civ. P. 34; Singleton v. Jupiter Communities, LLC, No. 2:12-cv-0256 JAD-PAL, 2014 WL 251659, at *3 (D. Nev. Jan. 22, 2014) ("The documents Plaintiff seeks are clearly Defendant's documents, not those of the non party witness, and Rule 45 is not the proper procedure to seek discovery more appropriately subject to a Rule 34 request."). Consequently, Plaintiff's request for a subpoena duces tecum against Defendants is improper.

Even if this Court construes Plaintiff's Motion as a motion to compel discovery, Rule 37(a)(1) requires that such motions "include a certification that the

movant has in good faith conferred or attempted to confer with the person or party failing to make disclosure or discovery in an effort to obtain it without court action." Similarly, Local Rule 251(b) also states that a motion to compel discovery "shall not be heard unless . . . the parties have conferred and attempted to resolve their differences."   Insofar as Plaintiff has not complied with the certification requirement of Rule 37(a)(1) and did not confer with defense counsel as required under Local Rule 251, Plaintiff's Motion is denied.   Rogers v. Giurbino, 288 F.R.D. 469, 477 (S.D. Cal. 2012) ("A court can deny a motion to compel solely because of a party's failure to meet and confer prior to filing the motion.").

For the foregoing reasons, the Court DENIES Plaintiff's Motion for Subpoena Duces Tecum (Doc. 42).

IT IS SO ORDERED.

DATED: Honolulu, Hawaii, May 5, 2016



  /S/ Barry M. Kurren
Barry M. Kurren
United States Magistrate Judge

Michael Klein v. B. Montoya, et al., 1:13-cv-01677 LJO-BMK; ORDER DENYING PLAINTIFF'S MOTION FOR SUBPOENA DUCES TECUM (DOC. 42).