IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHAEL KLEIN, ) | 1:13-cv-01677-LJO-BMK |
| ) | |
| Plaintiff, ) | |
| ) | FINDINGS AND |
| vs. ) | RECOMMENDATIONS TO |
| ) | GRANT DEFENDANTS' MOTION |
| B. MONTOYA, ET AL. ) | FOR SUMMARY JUDGMENT |
| ) | (DOC. 47) |
| Defendants. ) | |
| _____ ) | |

FINDINGS AND RECOMMENDATIONS TO GRANT
DEFENDANTS' MOTION FOR SUMMARY JUDGMENT (DOC. 47)

Before the Court is Defendants B. Montoya and A. Galvez's Motion for Summary Judgment (Doc. 47). After careful consideration of the Motion and absent any opposition by Plaintiff, the Court finds and recommends that summary judgment be GRANTED in Defendants' favor.

BACKGROUND

In his Amended Complaint, Plaintiff Michael Klein alleges that, on April 25, 2013, Defendant B. Montoya, a female correctional officer, conducted a clothed search of Plaintiff. (Amended Complaint at 1-2.) During the search, Plaintiff says Montoya "grabbed and squeezed Plaintiff Klein's penis and testicles until he experienced pain." (Id. at 2.) Plaintiff further alleges that Defendant A. Galvez "stood and watched this unlawful sexual assault" and "did nothing."

Plaintiff brings this action against Defendants for violation of his Eighth Amendment rights.

Notwithstanding Plaintiff's allegations, the only evidence before the Court establishes that Officer Montoya conducted a routine clothed-body pat down of Plaintiff and did not grab or squeeze Plaintiff's genitals.  According to Defendants' undisputed evidence, on April 25, 2013, Officer Montoya was assigned to ensure that all inmates scheduled to work at the main dining hall were present for work.  (Montoya Decl'n ¶¶ 1-3.)  On that date, Plaintiff was assigned to work at the dining hall at 4:00 a.m. but did show up for work.  (Id. ¶ 17.)  Officer Montoya called Plaintiff at his housing unit to inquire why he did not go to work.  (Id. ¶¶ 19, 23.)  Plaintiff said he was not feeling well and "became upset with me and hung up the phone before our conversation ended."  (Id. ¶¶ 24, 26.)

At 4:45 a.m., Officer Montoya went to Plaintiff's housing unit to talk to Plaintiff.  (Id. ¶¶ 28, 30.)  Officer Galvez was the floor officer assigned to that unit.  (Id. ¶ 20; Galvez Decl'n ¶ 2.)  When Montoya called Plaintiff to come down from the top tier to speak to her, "he became loud and belligerent, stating he was not going to come to work."  (Montoya Decl'n ¶ 31; Galvez Decl'n ¶ 16.)  Officer Galvez told Montoya and Plaintiff to go outside to avoid waking up other inmates.  (Montoya Decl'n ¶ 31; Galvez Decl'n ¶ 17.)  All three went outside.

Once outside, Officer Montoya conducted a clothed-body pat down of Plaintiff to search for contraband and ensure the safety of the officers and inmates, given Plaintiff's aggressive behavior that morning. (Montoya Decl'n ¶¶ 31-32, 45, 47; Galvez Decl'n ¶¶ 20, 22, 34, 35.) The pat down lasted approximately 3-5 seconds. (Montoya Decl'n ¶ 35; Galvez Decl'n ¶ 24.) At no time during the pat down did Montoya grab or squeeze Plaintiff's penis and testicles. (Montoya Decl'n ¶ 36.) Officer Galvez, who stood 3-5 feet behind them during the pat down, did not observe Montoya grab or squeeze Plaintiff's genitals or perform any other inappropriate touching. (Montoya Decl'n ¶ 37; Galvez Decl'n ¶¶ 24-25.)

Defendants filed the present Motion for Summary Judgment on February 1, 2016. (Doc. 47.) After the opposition deadline passed, the Court issued two orders, extending the deadline for opposition sua sponte and warning Plaintiff that failure to file an opposition "will result in dismissal of this action, with prejudice." (Docs. 51 and 52.) Plaintiff failed to file any opposition to Defendants' Motion.

## DISCUSSION

Plaintiff alleges that Defendants violated his Eighth Amendment rights during the pat down on April 25, 2013. Specifically, Plaintiff claims Officer Montoya sexually assaulted him during the pat down and Officer Galvez watched

3

the alleged assault without intervening.

The Eighth Amendment proscribes the infliction of cruel and unusual punishment on prisoners. Schwenk v. Hartford, 204 F.3d 1187, 1196 (9th Cir. 2000). "Whether a particular event or condition in fact constitutes 'cruel and unusual punishment' is gauged against 'the evolving standards of decency that mark the progress of a maturing society.'" Id. (citing Hudson v. McMillian, 503 U.S. 1, 8, (1992)). The Eighth Amendment prohibits conduct by prison guards that are "offensive to human dignity." Id. "A sexual assault on an inmate by a guard . . . is deeply 'offensive to human dignity.'" Id. at 1197.

However, not all claims of sexually inappropriate touching by correctional officers during pat downs are cognizable under the Eighth Amendment. For example, in Nuriddin v. Estrella, No. 1:11-cv-01448-SAB (PC), 2014 WL 727133, at *1 (E.D. Cal. Feb. 24, 2014), the prisoner alleged that, during a pat down, a prison guard "gripped his 'genitals first, then penis and rubbed up along the anus.'" The court noted that, "[w]ithout more factual detail such as comments by the defendant and/or further action, these facts are entirely consistent with a body search to maintain and assure proper security within the prison facility." Id. at *2. The court held that the guard's actions "do not give [rise] to a plausible claim that the search was conducted in a sexually abusive manner." Id. at *2.

4

Similarly, in <u>Osterloth v. Hopwood</u>, No. CV 06-152 M JCL, 2006 WL 3337505, at *6 (D. Mont. Nov. 15, 2006), the prisoner complained that he was sexually assaulted by a prison guard during a search for contraband. He alleged the guard "reached between my legs and grabbed my scrotum + penis after this he slid his hand up the crack between my buttocks." <u>Id.</u> The prisoner also claimed that another officer supervised the search and did not stop it. <u>Id.</u> The court concluded that these allegations did not rise to the level of violation of the Eighth Amendment. <u>Id.</u> at *7.

In the present case, the only evidence before the Court establishes that, during the pat down of Plaintiff on April 25, 2013, Officer Montoya did not grab or squeeze Plaintiff's penis or testicles. (Montoya Decl'n ¶ 36; Galvez Decl'n ¶ 25.) Rather, the search was conducted pursuant to prison policy and for the purpose of checking for contraband items to ensure the safety of inmates, staff, and the prison. (Montoya Decl'n ¶¶ 45, 47; Galvez Decl'n ¶¶ 34, 35.) Plaintiff has failed to rebut this evidence or otherwise establish that any inappropriate touching occurred during the pat down. Without any evidence to dispute Defendants' assertions, the Court finds that summary judgment in their favor is warranted. Fed. R. Civ. P 56(e) (noting that granting summary judgment is appropriate where a party fails to address another party's assertion of fact). However, even if Plaintiff submitted evidence

5

supporting his claim with respect to the manner in which Officer Montoya conducted the pat down, such an allegation would be insufficient to establish a violation of the Eighth Amendment.  See Nuriddin, 2014 WL 727133, at *1-2; Osterloth, 2006 WL 3337505, at *6-7.

In light of the Court's finding that Officer Montoya's conduct did not violate Plaintiff's Eighth Amendment rights, the Court also finds that Plaintiff's claim against Officer Galvez similarly fails.  See Osterloth, 2006 WL 3337505, at *6-8 (dismissing claims against an officer who observed but did not intervene in a search, where the court concluded that the search did not violate the Eighth Amendment).

## CONCLUSION

For the foregoing reasons, the Court finds that Officers Montoya and Galvez did not violate Plaintiff's Eighth Amendment rights against cruel and unusual punishment.  The Court therefore recommends that Defendants' Motion for Summary Judgment (Doc. 47) be GRANTED and that Judgment be entered in favor of Defendants.

These Findings and Recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(1).  Within **fourteen (14) days** after being served with

these Findings and Recommendations, the parties may file written objections with the Court.  Local Rule 304(b).  The document shall be captioned "Objections to Magistrate Judge's Findings and Recommendation."  Responses, if any, are due within **fourteen (14) days** after being served with the objections.  Local Rule 304(d).  The parties are advised that failure to file objections within the specified time may result in the waiver of rights on appeal.  <u>Wilkerson v. Wheeler</u>, 772 F.3d 834, 839 (9th Cir. 2014).

IT IS SO ORDERED.

DATED: Honolulu, Hawaii, May 5, 2016.



   /S/ Barry M. Kurren
Barry M. Kurren
United States Magistrate Judge

<u>Michael Klein v. B. Montoya, et al.</u>, 1:13-cv-01677 LJO-BMK; FINDINGS AND RECOMMENDATIONS TO GRANT DEFENDANTS' MOTION FOR SUMMARY JUDGMENT (DOC. 47).